O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-7909-DOC(RNBx)            Date: July 7, 2014

Title: CDX DIAGNOSTICS INC., ET AL. -V- HISTOLOGICS LLC, ET AL.

PRESENT:    THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS [119]**

     Before the Court is a Motion to Dismiss affirmative defenses and counterclaims (Dkt. 119) filed Plaintiffs Shared Medical Resources ("SMR") and CDx Diagnostics ("CDx") (together, "Plaintiffs") against Defendant Histologics[1]. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion.

### I. Background

     Plaintiffs SMR and CDx filed the instant lawsuit against Histologics and other defendants for infringement of patent number 6,248,044 (the "'044 Patent"), issued by the United States Patent and Trademark Office ("USPTO") in 2001. *See generally* Compl. Histologics alleges counterclaims and affirmative defenses including invalidity, inequitable conduct, unenforceability and fraud. *See* Amended Answer at 4-22.

     Plaintiffs brought the instant motion under Rule 12(c) for judgment on the pleadings as to the counterclaims, claiming that assignor estoppel bars Histologics from

---

[1] Although Poplar Healthcare PLLC and Mattison Pathology were originally named in this lawsuit and in the instant motion, Plaintiffs settled with these entities and dismissed them from the suit on April 18, 2014 (Dkt. 125) and April 30, 2014 (Dkt. 129), respectively. The Court therefore does not address them in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-7909-DOC(RNBx)　　　　　　　　　　　　Date: July 7, 2014
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

bringing the listed counterclaims and defenses. Plaintiffs argue that Histologics' founders, Dr. Neal Lonky and Martin Lonky, acquired and then assigned the rights to the '044 Patent to CDx and SMR's predecessors. Plaintiffs argue that Neal and Martin Lonky are the founders of Histologics, and so Histologics cannot assert that the patent it earlier assigned had no value.

## II.    Legal Standard

"Assignor estoppel is an equitable doctrine that prevents one who has assigned the rights to a patent (or patent application) from later contending that what was assigned is a nullity. The estoppel also operates to bar other parties in privity with the assignor, such as a corporation founded by the assignor." *Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir. 1988). The doctrine serves important equitable and policy interests, especially preventing unfairness and preventing one from benefiting from his or her own wrong. *See id.* "[T]he implicit representation of validity contained in an assignment of a patent for value raises the presumption that an estoppel will apply. Without exceptional circumstances (such as an express reservation by the assignor of the right to challenge the validity of the patent or an express waiver by the assignee of the right to assert assignor estoppel), one who assigns a patent surrenders with that assignment the right to later challenge the validity of the assigned patent." *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374, 1378 (Fed. Cir. 1998).

In deciding whether to apply the doctrine, the Court must balance the equities between the parties. "[T]he primary consideration in [ ] applying the doctrine is the measure of unfairness and injustice that would be suffered by the assignee if the assignor were allowed to raise defenses of patent invalidity." *Diamond*, 848 F.2d at 1225. Whether to apply the doctrine is within the "'sound discretion' of the trial court" and is reviewed for abuse of that discretion. *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 412 F.3d 1331, 1337 (Fed. Cir. 2005) (quoting *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1579 (Fed. Cir. 1993)).

## III.   Form of Motion

Histologics argues that the Motion to Dismiss is not procedurally proper under Rule 12(c) because the pleadings are not closed. Plaintiffs respond that this is a minor procedural error, that they answered counterclaims with respect to other defendants, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-7909-DOC(RNBx)                              Date: July 7, 2014
                                                                                                              Page 3

---

that the motion can be considered Rule 12(b)(6) as a motion to dismiss. *See* Reply at 10-11.

       First, the Court cannot consider the instant motion as a motion for judgment on the pleadings. Rule 12(c) provides that the Court may grant judgment on the pleadings "[a]fter the pleadings are closed . . . ." Fed. R. Civ. P. 12(c); Wright & Miller, 5C Fed. Prac. & Proc. § 1369 (3d ed.) ("In a proceeding under Rule 12(c), however, the pleadings must be closed before a party can move for judgment on the pleadings."). Plaintiffs have not answered Histologics' counterclaims, and so the pleadings are not closed. *See* Fed. R. Civ. P. 7(a)(3) ("Only these pleadings are allowed: . . . (3) an answer to a counterclaim designated as a counterclaim . . . ."); *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("Thus, the pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made.").

       Therefore, the Court must determine whether this motion is properly a Rule 12(b)(6) motion or a motion for summary judgment under Rule 56. A motion under Rule 12(b)(6) generally tests only the sufficiency of the complaint, not the merits of the claim. *N. Star Int'l v. Ariz. Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983) ("The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint."). As a result, courts generally cannot consider evidence outside the pleadings when deciding 12(b)(6) motions. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

       If a purported Rule 12(b)(6) motion relies on evidence outside the pleadings, however, it can be considered as a motion for summary judgment under Rule 56. Rule 12(d) provides for precisely this conversion:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

       The Court therefore first addresses whether the documents on which Plaintiffs rely convert the Rule 12(b)(6) motion to one for summary judgment. District courts may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-7909-DOC(RNBx)            Date: July 7, 2014
                                                               Page 4

consider some factual material without triggering conversion to a summary judgment. The types of matters that are not considered "outside the pleadings for purposes of conversion" include: "various types of exhibits that are attached to the pleading, matters of which the district court can take judicial notice, and items of unquestioned authenticity that are referred to in the challenged pleading and are 'central' or 'integral' to the pleader's claim for relief." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366 (3d ed.).

      Plaintiffs argue that all of the necessary materials to show assignor estoppel are judicially noticeable. Under Federal Rule of Evidence 201(b), the Court can take judicial notice of "a fact that is not subject to reasonable dispute" because either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Of course, the Court can take judicial notice of *facts*, and so whether the documents at issue contain or represent facts that are judicially noticeable is the inquiry. Wright & Miller, 21B Fed. Prac. & Proc. Evid. § 5104 (2d ed.) ("Courts could save themselves much grief and embarrassment by insisting that lawyers specify precisely the fact to be noticed.").

      Exhibits 1-4 to the Motion are from the records of the USPTO, including the '044 Patent cover sheet, the USPTO Patent Assignment Abstract of Title (listing all assignments of the '044 Patent registered with the USPTO), and the individual assignment forms filed with the USPTO. Generally, district courts take judicial notice of certain facts associated with such documents and their trademark or copyright counterparts. *See Dahon N. Am., Inc. v. Hon*, 2:11-CV-05835-ODW, 2012 WL 1413681 (C.D. Cal. Apr. 24, 2012) (taking judicial notice of the trademarks assignment website because it is an "official record memorializing ownership of the [mark], and is published by a government organization—the USPTO"); *Openwave Sys. Inc. v. Myriad France S.A.S.*, C 10-02805 WHA, 2011 WL 1832999 (N.D. Cal. May 13, 2011) (taking judicial notice of patents and patent application that were at issue in the case, noting that the items were "matters of public record"); *Icon Enterprises Int'l, Inc. v. Am. Products Co.*, CV 04-1240 SVW PLAX, 2004 WL 5644805 (C.D. Cal. Oct. 7, 2004) (determining that judicial notice of trademark application and assignment documents would be appropriate if the documents were relevant); *Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) *aff'd,* 328 F.3d 1136 (9th Cir. 2003) (taking judicial notice of copyright certificates); *Vigil v. Walt Disney Co.*, C-95-1790-MHP, 1995 WL 621832 (N.D. Cal. Oct. 16, 1995) (taking judicial notice of Certificates of Registration from the USPTO and the United States Copyright Office, as well as the associated applications, for purposes of date of copyright protection).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-7909-DOC(RNBx)                          Date: July 7, 2014
                                                                                                      Page 5

       Were there no dispute as to the authenticity of the underlying documents or the validity of the assignment itself, the Court could likely take judicial notice of the fact of assignment pursuant to the forms filed with the USPTO. Several issues give the Court pause, however. First, Histologics contests the authenticity of the exhibits listed above and submits a declaration from inventor Neal Lonky claiming that he was not party to the development or filing of the '044 Patent and that he did not sign the "Declaration and Power of Attorney" document submitted with the application. *See* Neal Lonky Decl. ¶¶ 9-10.

       Second, Plaintiffs are also requesting judicial notice of the contents of court filings and a website. The Court declines to take judicial notice of the contents of these items for the truth of the matters asserted therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (finding the district court abused its discretion in taking judicial notice of the validity of a waiver of extradition). Plaintiffs argue that Histologics failed to object to the authenticity of many of these documents, but the Court finds this unpersuasive. Histologics faced only a motion under Rule 12(c) that was clearly improper on its face; it had no way of knowing whether Plaintiffs would seek to argue to the motion as a Rule 12(b)(6) motion or a Rule 56 motion. Therefore, there is no reason to expect Histologics to have fully briefed a response to each piece of evidence.

       Because this motion is procedurally improper and seeks to have the Court determine issues of fact, the Court finds that these questions are more appropriately resolved in a summary judgment motion. Indeed, in the vast majority of the cases that the Court reviewed in considering this motion, courts applied assignor estoppel through a motion for summary judgment or after trial testimony. *See Checkpoint*, 412 F.3d at 1333; *Univ. of W. Virginia Bd. of Trustees v. VanVoorhies*, 278 F.3d 1288, 1301 (Fed. Cir. 2002); *Carroll Touch*, 15 F.3d at 1576 (bench trial); *Shamrock Technologies, Inc. v. Med. Sterilization, Inc.*, 903 F.2d 789, 790 (Fed. Cir. 1990); *Brilliant Instruments, Inc. v. GuideTech, Inc.*, C 09-5517 CW, 2014 WL 576244, at *1 (N.D. Cal. Feb. 12, 2014); *MedImmune, Inc. v. Genentech, Inc.*, 535 F. Supp. 2d 1000, 1012 (C.D. Cal. 2008); *Applied Materials, Inc. v. Negevtech, Inc.*, C 04-03656 SI, 2005 WL 1656894, at *1 (N.D. Cal. July 14, 2005).

       Not all objections to the authenticity of documents or to the validity of the assignment process will preclude an ultimate finding of assignor estoppel. *See Shamrock*, 903 F.2d at 794. In this case, however, the Court is being asked to apply the doctrine on an incomplete record with only minimal briefing from the opposition. It seems that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-7909-DOC(RNBx)                  Date: July 7, 2014
                                                                                                                                                                                      Page 6

---

more prudent approach would be to determine these questions in a straightforward motion for summary judgment after discovery is complete. *See Erlich v. Glasner,* 374 F.2d 681, 683 (9th Cir. 1967) ("It is reversible error for a court to grant a motion to dismiss that has been converted to one for summary judgment, without providing all parties a reasonable opportunity to present material relevant to a Rule 56 motion.").

    **IV.**    **Default**

    Histologics argues that Plaintiffs are in default because they have not responded to the counterclaims in the appropriate period of time. Under Rule 12(a)(4), a Rule 12 motion tolls the time for a responsive pleading until ten days after the Court issues an order resolving the motion or postponing its resolution until trial. Although Plaintiffs' motion is procedurally improper under Rule 12(c), the Court construes the motion as an attempt to file a Rule 12(b)(6) motion and sees no reason to enter default when the parties are actively litigating. The Court therefore declines to find Plaintiffs in default at this time.

    **V.**    **Disposition**

    The Motion is construed as a Rule 12(b)(6) motion that requires conversion to a Rule 56 motion. As such, it is DENIED WITHOUT PREJUDICE to Plaintiffs raising the same arguments in a properly briefed summary judgment motion.

    The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                                                                                          Initials of Deputy Clerk: jcb