Nathaniel L. Dilger (Cal. Bar No. 196203)
Email: ndilger@onellp.com
Joseph K. Liu (Cal. Bar No. 216227)
Email: jliu@onellp.com
**ONE LLP**
4000 MacArthur Blvd
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile:  (949) 258-5081

Peter L. Berger *(Admitted Pro Hac Vice)*
Email: pberger@llbl.com
Jonathan Andrew Berger *(Admitted Pro Hac Vice)*
Email: jberger@llbl.com
Tuvia Rotberg *(Admitted Pro Hac Vice)*
Email: trotberg@llbl.com
**LEVINSOHN BERGER LLP**
11 Broadway, Suite 615
New York, NY 10004
Telephone: (212) 486-7272
Facsimile:  (212) 486-0323

Attorneys for Plaintiffs/Counter-Defendants
CDx Diagnostics, Inc. and
Shared Medical Resources. LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CDX DIAGNOSTICS, INC., and SHARED MEDICAL RESOURCES, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>HISTOLOGICS, LLC, POPLAR HEALTHCARE PLLC, MATTISON PATHOLOGY LLP, AND JOHN DOES 1-30,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. CV13-07909 DOC (RNBx)<br><br>**CDX DIAGNOSTICS, INC. AND SHARED MEDICAL RESOURCES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT HISTOLOGICS, LLC'S AMENDED COUNTERCLAIMS** |

Plaintiffs CDX Diagnostics Inc. ("CDX") and Shared Medical Resources LLC ("SMR") hereby answer the numbered paragraphs of Defendant Histologics, LLC ("Histologics")'s Amended Counterclaims.

## PARTIES

59. SMR and CDX are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 59 of the Counterclaims, and therefore, deny the same.

60. SMR and CDX admit the allegations in Paragraph 60 of the Counterclaims.

61. SMR and CDX admit the allegations in Paragraph 61 of the Counterclaims.

## JURISDICTION AND VENUE

62. SMR and CDX admit the allegations contained in Paragraph 62 of the Counterclaims

63. SMR and CDX admit only that this Court has personal jurisdiction over SMR. SMR and CDX admit that SMR's principal place of business is in the State of California. SMR and CDX admit that SMR has done business with respect to its goods covered by the '044 patent within California and in this judicial district.  As for the remaining allegations in Paragraph 63 of the Counterclaims with respect to the allegations relating to the complained-of acts, they state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny all of the remaining allegations contained therein.

64. SMR and CDX admit only that this Court has personal jurisdiction over CDX, and that it alleged that it is the co-owner of the '044 Patent with SMR.  SMR and CDX are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 of the Counterclaims in part due to vagueness and to legal conclusions being stated, to which no response is required, and therefore, deny all the remaining allegations contained therein.

65. CDX and SMR admit the allegations in Paragraph 65 of the Counterclaims.

# FACTUAL BACKGROUND

66. CDX and SMR deny the allegations contained in Paragraph 66 of the Counterclaims.

67. CDX and SMR are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 67 of the Counterclaims, and therefore, deny the same.

68. CDX and SMR are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 68 of the Counterclaims, and therefore, deny the same.

69. CDX and SMR are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 69 of the Counterclaims, and therefore, deny the same.

70. CDX and SMR are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 70 of the Counterclaims, and therefore, deny the same.

71. CDX and SMR are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 71 of the Counterclaims, and therefore, deny the same.

72. CDX admits only that Rutenberg had seen a version of a SpiraBrush made by Trylon Corporation, that he approached Trylon, that Oralscan's business was based on computerized analysis of tissue samples, and is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 72 of the Counterclaims in part due to vagueness, and therefore denies the same. SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Counterclaims, and therefore denies the same.

73. CDX admits only that Trylon and OralScan entered into a joint venture for the commercialization of a version of a SpiraBrush made by Trylon and denies the remaining

allegations set forth in Paragraph 73 of the Counterclaims in part due to the vagueness of the term SpiraBrush.  SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 73 of the Counterclaims, and therefore denies the same.

74.   CDX admits only that the Levisohn law firm (Morris Cohen) and Mark Rutenberg filed a provisional application as Application No. 60/093,910, listing Dr. Neal Lonky and Jeremy James Michael Papadopoulous as inventors, on or about July 23, 1998 which ultimately issued as the '044 Patent and denies the remaining allegation in Paragraph 74 of the Counterclaims. SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 74 of the Counterclaims, and therefore denies the same.

75.   CDX admits only that Mark Rutenberg represented that OralScan would pay for all patent costs and prosecute a patent relating to a version of a SpiraBrush and is without information or knowledge sufficient to form a belief as to the remaining allegations set forth in Paragraph 75 of the Counterclaims and therefore denies those allegations.  SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 75 of the Counterclaims, and therefore denies the same.

76.   CDX admits only that it entered into an assignment and licensing agreement, that the agreement speaks for itself, is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies those allegations.  SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 76 of the Counterclaims in part due to vagueness, and therefore denies the same.

77.   CDX denies the allegation regarding Mark Rutenberg and the Levisohn firm filing a shadow application.  CDX admits that the referenced documents speak for themselves.  CDX denies the remaining allegations set forth in Paragraph 77 of the Counterclaims, and therefore denies the same. SMR is without information or knowledge

sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 77 of the Counterclaims, and therefore denies the same.

78.    CDX and SMR admit only that the documents speak for themselves and that the Eisen '044 specification contains the language quote in Paragraph 78 of the Counterclaims and deny the remaining allegations set forth in Paragraph 78 of the Counterclaims.

79.    CDX is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 79 of the Counterclaims in part due to vagueness, and therefore denies the same. SMR admits only the allegations that SMR purchased Trylon's assets in a foreclosure proceeding and is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 79 of the Counterclaims in part due to vagueness, and therefore denies the same.

80.    CDX admits only that SMR sold an equal and undivided interest in the '044 patent to OralScan and is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 80 of the Counterclaims in part due to vagueness and therefore denies those allegations in Paragraph 80. SMR admits only that SMR sold an equal and undivided interest in the '044 patent to OralScan and denies the remaining allegations in Paragraph 80 of the Counterclaims.

81.    CDX admits the allegations in Paragraph 81 of the Counterclaims. SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the Counterclaims and therefore denies the same.

82.    CDX admits the allegations in Paragraph 82 of the Counterclaims. SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Counterclaims and therefore denies the same.

83.    CDX admits the allegations in Paragraph 83 of the Counterclaims. SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Counterclaims and therefore denies the same.

84. CDX admits the allegations in Paragraph 84 of the Counterclaims. SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the Counterclaims and therefore denies the same.

85. CDX admits the allegations in Paragraph 85 of the Counterclaims. SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Counterclaims and therefore denies the same.

86. CDX admits only the allegations regarding the bankruptcy matter being dismissed by settlement on December 19, 2012, and that the court proceedings ended on or about January 14, 2013 as set forth in Paragraph 86 of the Counterclaims, and is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 86 of the Counterclaims in part due to vagueness, and therefore denies the same.  SMR is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Counterclaims and therefore denies the same.

87. CDX and SMR are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 of the Counterclaims in part due to vagueness, and therefore deny the same.

88. CDX and SMR are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 of the Counterclaims in part due to vagueness, and therefore deny the same.

89. CDX and SMR admit the allegations set forth in Paragraph 89 of the Counterclaims.

90. CDX and SMR admit only that Histologics filed for declaratory relief and are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90 of the Counterclaims in part due to vagueness, and therefore deny the same.

## COUNT 1

(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,258,044)

91. CDX and SMR hereby incorporate all the answers of the paragraphs above as if fully set forth herein.

92. CDX and SMR admit only that a controversy exists between Histologics and CDX and SMR because of the lawsuit brought by CDX and SMR and are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 92 of the Counterclaims in part due to vagueness and legal conclusions being stated, and therefore deny the same.

93. CDX and SMR deny the allegations set forth in Paragraph 93 of the Counterclaims.

## COUNT 2

(Declaratory Judgment of Invalidity of U.S. Patent No. 6,258,044)

94. CDX and SMR hereby incorporate all the answers of the paragraphs above as if fully set forth herein.

95. CDX and SMR admit only that a controversy exists between Histologics and CDX and SMR because of the lawsuit brought by CDX and SMR, and are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 92 of the Counterclaims in part due to vagueness and legal conclusions being stated, and therefore deny the same.

96. CDX and SMR deny the allegations set forth in Paragraph 96 of the Counterclaims.

97. CDX and SMR deny the allegations set forth in Paragraph 97 of the Counterclaims.

## COUNT 3

(Declaratory Judgment of Unenforceability of U.S. Patent No. 6,258,044)

98. CDX and SMR hereby incorporate all the answers of the paragraphs above as if fully set forth herein.

ANSWER AND AFFIRMATIVE DEFENSES TO HISTOLOGICS, LLC'S AMENDED COUNTERCLAIMS

99. CDX and SMR admit only that a controversy exists between Histologics and CDX and SMR because of the lawsuit brought by CDX and SMR, and are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 99 of the Counterclaims in part due to vagueness and legal conclusions being stated, and therefore deny the same.

100. CDX and SMR deny the allegations set forth in Paragraph 100 of the Counterclaims.

101. CDX and SMR deny the allegations set forth in Paragraph 101 of the Counterclaims.

102. CDX and SMR deny the allegations set forth in Paragraph 102 of the Counterclaims.

103. CDX and SMR deny the allegations set forth in Paragraph 103 of the Counterclaims.

104. CDX and SMR deny the allegations set forth in Paragraph 104 of the Counterclaims.

105. CDX and SMR are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 of the Counterclaims in part due to vagueness and legal conclusions being stated, and therefore deny the same.

106. CDX and SMR deny the allegations set forth in Paragraph 106 of the Counterclaims.

107. CDX and SMR deny the allegations set forth in Paragraph 107 of the Counterclaims.

108. CDX and SMR deny the allegations set forth in Paragraph 106 of the Counterclaims.

### **FURTHER ANSWER AND AFFIRMATIVE DEFENSES**

CDX and SMR further deny each and every allegation in Histologics' Amended Answer and Counterclaims that was not specifically admitted, denied, or otherwise responded to herein.  CDX and SMR specifically deny that Histologics is entitled to any

relief whatsoever from SMR, CDX or the Court as requested in Histologics' Prayer for Relief or otherwise.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging what must be alleged by way of affirmative defenses or that CDX and SMR bear the burden of proof as to any of the defenses set forth herein; CDX and SMR allege the following as additional or affirmative defenses to the Amended Counterclaims, to the purported claims therein, and to the relief sought therein.

### FIRST AFFIRMATIVE DEFENSE

The Amended Counterclaims fails to state a claim against CDX and SMR upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Counterclaims fail because each claim of the Asserted Patent is valid, enforceable, and in full compliance with the patentability requirements of, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and 112 and at least one of the claims of the Asserted Patent is infringed by Histologics.

### THIRD AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred by the doctrines of waiver, estoppels (including but not limited to assignor estoppel), laches, unclean hands, and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Counterclaims are barred by the doctrine of assignor estoppel.

### FURTHER ADDITIONAL DEFENSES

In addition to the defenses set forth above, CDX and SMR reserve the right to raise, assert, rely upon, or add any and new or additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure ["Rules(s)"], the laws of the United States, the laws of any other governing jurisdictions that may exist or in the future be applicable based on discovery and

further factual investigation in this Action, and reserves the right to amend any and all defenses set forth above as discovery proceeds.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38, CDX and SMR demand TRIAL BY JURY of all issues so triable, whether presented by CDX's and SMR's claims against Histologics, Histologics' amended counterclaims against CDX and SMR, or otherwise. CDX and SMR demand TRIAL BY JURY of all causes so triable.

Dated: July 16, 2014         **ONE LLP**

By: /s/ Nathaniel Dilger
    Nathaniel L. Dilger, Esq.

**LEVISOHN BERGER LLP**

By: /s/ Peter Berger
    Peter L. Berger (*Pro Hac Vice*)

*Attorneys for Plaintiffs and Counter-Defendants,
CDx Diagnostics, Inc. and
Shared Medical Resources, LLC*

9
**ANSWER AND AFFIRMATIVE DEFENSES TO HISTOLOGICS, LLC'S AMENDED COUNTERCLAIMS**